UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEVERLY CABALLERO, et al.
    Plaintiffs

        v.                        **Civil No. 03-1028(SEC)**

COOPERATIVA DE SEGUROS
DE VIDA DE PUERTO RICO (COSVI), et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 182 Bill of Costs and Memorandum in Support of Bill of Costs** | **GRANTED in part and DENIED in part**. Defendants have filed a motion requesting the taxing of costs on their behalf (Docket # 182). Plaintiffs have filed an opposition requesting that the Court adjudicate the costs to their attorney or, in the alternative, that they be allowed to pay said costs through a reasonable payment plan (Docket # 189). Given the allegations made by Plaintiffs pertaining to their attorney's alleged misrepresentations and the amount of costs already incurred by them in this suit, Plaintiffs will be allowed to pay the taxed costs in four (4) installments. Defendants' Bill of Costs will be **GRANTED in part and DENIED in part.**<br><br>    Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The Court sympathizes with Plaintiffs' predicament. However, it is well settled that the imposition of costs is a natural and foreseeable risk of initiating a civil suit. While Plaintiffs allege that they might have been led to have unreasonably high expectations as to their possibility of prevailing in this suit, we see no reason to depart from the practice of taxing costs in favor of the prevailing party. Any claim that Plaintiffs might have pertaining to the propriety of their legal representation should be raised separately.<br><br>    As to the costs incurred by Defendants, the Court agrees with the taxing of most. However, delivery fees are not taxable and, as such, will be substracted from the amounts requested. See Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) ("[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable.") (citing Ralston Purina Co., 772 F.Supp. at 54 (D.P.R. 1991) and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993)). These non-taxable delivery fees amount to $40.00. See Docket # 182, Exs. 2, 5, 6, 8 & 11. Furthermore, it appears that Defendants have requested $303.00 pertaining to the non-appearance of Dr. López to his first scheduled deposition. Without a more full explanation as to why these costs are warranted, we find that this non-appearance fee is not taxable in this case. See 28 U.S.C. § 1920. Accordingly, for the reasons set forth above, the Court hereby taxes a total of $9,411.50 in favor of Defendants. Plaintiffs shall pay this amount in four (4) installments: two (2) of $2,352.75 and two (2) of $2,353.00. The first payment is due on April 3, 2006, second payment on July 3, 2006, third payment on October 3, 2006 and fourth payment on January 3, 2007. |

DATE:   March 8, 2006

                                                S/ *Salvador E. Casellas*
                                                SALVADOR E. CASELLAS
                                                U.S. Senior District Judge